UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ELIQUIS (APIXABAN) PRODUCTS
LIABILITY LITIGATION                                                                 MDL No. 2754


**TRANSFER ORDER**


      **Before the Panel**: Defendants Bristol-Myers Squibb Company (BMS) and Pfizer Inc. move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. This litigation currently consists of 34 actions pending in 13 districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 19 related federal actions.[1]

      Defendant McKesson Corporation supports centralization in the Southern District of New York. Plaintiffs in 27 actions on the motion and three potential tag-along actions support centralization in the Eastern District of Louisiana.[2] Plaintiffs in three other actions on the motion (*Segovia*, *Orr*, and *Tidmore*) oppose centralization and, alternatively, request centralization in the Eastern District of Louisiana.

      The plaintiffs opposing centralization do not dispute the presence of common factual questions. Instead, they contend that informal coordination is a preferable alternative to centralization, describing the number of involved counsel as limited and noting certain procedural differences in the actions. In particular, they point out that two plaintiffs' firms represent plaintiffs in 26 of 34 actions on the motion, motions to dismiss have been decided in four actions, and some actions have begun early discovery. But defendants represent that the parties' efforts at informal coordination, which began over six months ago, have been unsuccessful. They note that there are at least eight other distinct plaintiffs' firms representing plaintiffs in this litigation, and the number of involved firms and actions has resulted in failure to reach consensus on basic discovery orders as well as a coordinated discovery plan. We find that, on this record, informal coordination is not an

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Plaintiffs in 33 actions filed responses to the motion, and their initial positions indicated there was a larger division among plaintiffs on whether centralization was warranted, with a lesser majority (19 actions) supporting centralization. At oral argument, counsel from Salim-Beasley, LLC, which had filed a brief on behalf of plaintiffs in 11 actions opposing centralization, represented that those plaintiffs now agree that centralization is necessary because of growth in the litigation and that they request the Eastern District of Louisiana. Additionally, counsel for plaintiff in *Sneed* notified the Panel that, although he had filed a brief requesting the Southern District of Illinois as the transferee court, he now supports the Eastern District of Louisiana.

efficient alternative to centralization. In addition to the unsuccessful efforts to coordinate discovery informally, it is clear that the number of involved counsel, the large number of actions and districts, and the complexity of the factual issues pose significant obstacles to informal coordination.[3] There are now a total of 53 actions pending in 17 districts raising substantially the same factual and legal issues concerning plaintiffs' alleged injuries arising from Eliquis and over a dozen involved plaintiffs' firms. Moreover, the parties unanimously agree that there is a strong likelihood of additional federal actions and also report a significant number of state court actions.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions share common factual questions arising out of allegations that plaintiffs suffered severe bleeding and related injuries as a result of taking Eliquis (apixaban), that defendants did not conduct sufficient testing of the drug, and that defendants' warnings and instructions as to the alleged risks, including the unavailability of a reversal agent to counteract bleeding, were inadequate. Issues concerning the design, testing, manufacture, regulatory approval, labeling, and marketing of Eliquis thus are common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is an appropriate transferee district for this litigation. Common defendants BMS and Pfizer both have their corporate headquarters within the district, and therefore relevant documents and witnesses are likely to be located there. Sixteen actions on the motion and three potential tag-along actions are pending there. Judge Denise L. Cote, who presides over all actions in the district, is an experienced transferee judge with the willingness and ability to manage this litigation. We are confident she will steer this litigation on a prudent course.[4]

---

[3] *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014) (centralizing 21 actions concerning the oral anticoagulant Xarelto, where actions were pending in 10 districts and informal coordination was not practicable in light of "considerable growth in the litigation" and number of involved firms).

[4] Plaintiffs in *Segovia* and *Orr* argue that this district is not appropriate because the court there has made substantive rulings in defendants' favor on a motion to dismiss in an action on the motion (*Utts*). But the Panel does not consider "'[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention . . . in exercising its discretion under Section 1407.'" *See In re: Libor-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, Doc. No. 226, Transfer Order, at 2 (J.P.M.L. June 6, 2013) (quoting *In re Glenn W. Turner Enterprises Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973)).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise L. Cote for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: ELIQUIS (APIXABAN) PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2754

## SCHEDULE A

    <u>Southern District of California</u>

LITTLE, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 3:16-02144

    <u>District of Hawaii</u>

SEGOVIA v. BRISTOL–MEYERS SQUIBB COMPANY, ET AL., C.A. No. 1:15-00519

    <u>Northern District of Illinois</u>

BATES v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06774

    <u>Southern District of Illinois</u>

ODUM v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16-00630

    <u>Eastern District of Kentucky</u>

MALONE v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 0:16-00053
RAY v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 5:16-00127
LEWIS v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 6:16-00038

    <u>Eastern District of Louisiana</u>

MACALUSO, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 2:16-03673
HUFFMAN v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16-03714
TIDMORE v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16-08058
ROMANO v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16-14921

    <u>Middle District of Louisiana</u>

WILLIAMS v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16-00273

    <u>Western District of Louisiana</u>

JACKSON v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 5:16-00579

- A2 -

Southern District of New York

SNEED, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:16-02899
FISHER v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-04535
BROOKS, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:16-04904
MARTIN, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:16-05402
UTTS, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-05668
KARR, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-05772
HEALEY v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06093
CORO v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06097
WOOTEN v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06285
SILVA v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06556
HANIGAN, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:16-06561
YOUNG v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06644
RHODES, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:16-06645
CARROLL v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-06904
HOUGH v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-07041
BYRD, ET AL. v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16-07601

    Eastern District of Pennsylvania

BARANKSI v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16-02957

    Eastern District of Tennessee

DESSERT, ET AL. v. PFIZER, INC., ET AL., C.A. No. 1:16-00303
FORTNER v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16-00482

    Western District of Tennessee

MUMFORD v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16-02361

    Northern District of Texas

ORR v. BRISTOL–MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16-00681